**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARRY WILLIAM GEWIN, | : | |
| | | Civil Action No. 09-3612 (FLW) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| SCOTT DODRILL, et al., | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner pro se | Counsel for Respondent Dodrill |
| Barry William Gewin | Charles Scott Graybow |
| FCI Fort Dix | Assistant U.S. Attorney |
| P.O. Box 2000 | 970 Broad Street |
| Fort Dix, NJ 08640 | Suite 700 |
| | Newark, NJ 07102 |

**WOLFSON**, District Judge

　　Petitioner Barry William Gewin, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

The Respondent is Warden Scott Dodrill.[2]  Based upon the submissions of the parties, the Petition will be dismissed.

## I.   BACKGROUND

Petitioner was convicted, in the U.S. District Court for the District of Columbia, of various fraud offenses.  See United States v. Gewin, Criminal No. 03-0366 (D.D.C.).[3]  By Judgment and Commitment Order dated April 22, 2005, entered June 6, 2005, Petitioner was sentenced to an aggregate term of 108 months' imprisonment, to be followed by three years' supervised release.  The Court also imposed special assessments in the aggregate amount of $400, and a fine in the amount of $500,000.00, due immediately.  Finally, the Court ordered Petitioner to pay restitution, jointly and severally with certain co-defendants, in the amount of $1,975,786.00, due immediately.

On direct appeal, the Court of Appeals for the District of Columbia Circuit determined that the trial court properly found

---

[2] Petitioner also named as a respondent the Attorney General of New Jersey.  As Petitioner is confined in a federal correctional facility pursuant to a judgment entered in a federal court, the Attorney General of New Jersey is not a proper respondent and will be dismissed.

[3] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

that Petitioner would be able to pay the $500,000.00 fine. United States v. Gewin, 471 F.3d 197 (D.C.Cir. 2006).

On April 24, 2007, the trial court held a Restitution Hearing, at which Petitioner acknowledged that he is individually responsible for paying $500,000.00 as a fine, that he is jointly and severally responsible for paying $1,975,786.00 as restitution, that he had access to funds sufficient to satisfy both obligations, and that he intended to satisfy both obligations. On that date, the trial court again directed Petitioner to pay the fine and restitution amounts forthwith.

On August 13, 2007, Petitioner filed a pleading with the trial court which he characterized as both a Motion for relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and a Motion to vacate judgment pursuant to 28 U.S.C. § 2255. By Order entered August 30, 2007, the trial court denied relief. Petitioner did not appeal the denial of relief.

On September 5, 2007, the trial court held a show cause hearing at which it found on the record that there was clear and convincing evidence that Petitioner had not complied with the court's Orders of April 22, 2005, and April 24, 2007. On September 6, 2007, the trial court entered an Order finding Petitioner in civil contempt for willfully failing to comply with his obligations to pay the fine and restitution amounts. The trial court ordered that Petitioner be incarcerated for civil

3

contempt until he complies with those orders.  The civil contempt order further provided that while Petitioner was incarcerated on civil contempt, his sentence in the criminal matter shall be suspended.

For the first time, in a letter filed October 30, 2007, Petitioner raised with the trial court the issue of his financial ability to pay the fine and restitution.  On December 4, 2007, the trial court entered an Order concluding that Petitioner's newly-raised argument regarding his ability to pay was unavailing with respect to the amount -- $651,541.82 – that he had been found able to pay at the time of his sentencing, in April 2005, based upon financial records provided to the court at that time. The court also ordered the government to respond to Petitioner's letter with respect to the amount above that which the court had previously found Petitioner able to pay.  By Order entered September 25, 2008, the trial court clarified its prior order, holding that Petitioner was still liable, individually, for the $500,000.00 fine and, jointly and severally, for restitution in the amount of $1,975,986.00, but that Petitioner was being held in civil contempt only for failing to pay the $651,541.82 that the court previously had found he had the ability to pay. Further, the trial court found that Petitioner had failed to meet his burden to establish that he no longer had the ability to pay the $651,541.82 as ordered.  Accordingly, the court continued the

4

order of civil contempt.  U.S. v. Gewin, Criminal No. 03-0366 (D.D.C.) (Docket Entry No. 553).

Petitioner did not appeal either the 2007 or 2008 civil contempt orders.

In July 2009, the government filed in the criminal action a Notice Regarding Continued Civil Contempt Status, reminding Petitioner and the court that Petitioner was still confined pursuant to the civil contempt order and that service of his criminal sentence was suspended.  On July 15, 2009, the court entered an Order directing Petitioner's attention to the government's Notice and directing Petitioner, on or before August 26, 2009, to file a notice indicating the manner in which he intended to proceed and further advising Petitioner that failure to respond would cause the court to assume that Petitioner did not intend to either comply or to contest his ability to pay.

Apparently in response to that Order, on July 21, 2009, Petitioner sent to the trial court and to this Court photocopy duplicate Petitions for writ of habeas corpus.[4]  Petitioner challenges his confinement as follows:

> Petitioner has been unlawfully sentenced and held with an indefinite monetary civil contempt of court, until an unverified malicious contempt fine is paid. Petitioner maintains his innocence of all wrong doings civilly and criminally brought against Petitioner. ...

---

[4] The petition filed in the criminal action in the District Court for the District of Columbia remains pending.

5

> Petitioner is being held in violation of the United States Constitution and laws of the United States.

More specifically, in the supporting affidavit, Petitioner alleges:

> Upon an investigation and verified information, Petitioner believes and has been made aware that the acting prosecutor perpetrated fraud on the Petitioner in acting with official authority as an Assistant United States Prosecutor. The facts are "Raja Chatterjee" is without an Oath of Office on file with the Secretary of State, affirming to protect or defend the Unitd States Constitutional guarantee and protections. Also, "Raja Chatterjee" is not employed or registered with the D.C. District Court Bar or New York State Unified Court System, to act as an official Assistant Prosecutor, for the United States, but has and is employed as an staff attorney of Morgan Stanley, located at 1601 Broadway Fl 11th, New York, NY 10019. Therefore Raja Chatterjee intimidation of criminal and civil prosecution against Petitioner was based on trickery and fraud.

Here, the government contends that this Court should dismiss this Petition because he did not appeal the civil contempt order, because the District of Columbia is the proper forum for this matter, and because Petitioner was properly found in contempt and continues to refuse to comply with lawful orders.

## II. ANALYSIS

### A. The Judgment of Conviction

It appears that Petitioner seeks to challenge both his conviction and the civil commitment order. To the extent he seeks to challenge the conviction, a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed here in the district of confinement, is not appropriate.

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  <u>See also</u> <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  <u>See</u> 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is

"inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to succeed in his prior motions or because he failed to timely present certain

claims in his prior direct appeal, § 2255 motion, or other motions for relief from judgment. Accordingly, whether construed as a § 2241 motion or a second § 2255 motion, this Court lacks jurisdiction to entertain any challenge to Petitioner's conviction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. And a petition identical to this Petition is already pending in the trial court. Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the District of Columbia Circuit or to the trial court.

B.   The Civil Commitment Order

Petitioner has not established any entitlement to relief from the civil commitment order.

9

A person incarcerated for civil contempt meets the "in custody" requirement for purposes of invoking habeas corpus jurisdiction.  Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991); see also Duncan v. Walker, 533 U.S. 167, 176 (2001) (noting that "federal habeas corpus review may be available to challenge the legality of ... a state court order of civil contempt").  As an extraordinary remedy, however, it is well established that habeas corpus review "'will not be allowed to do service for an appeal.'"  Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994) and Sunal v. Large, 332 U.S. 174, 178 (1947)); see also Matin-Trigona v. Shiff, 702 F.2d 380, 388 (2d Cir. 1983).

Petitioner did not appeal the civil contempt orders at issue in this proceeding.  Thus, Petitioner may not challenge here, by way of a petition for writ of habeas corpus, the validity of those orders.  Instead, our review here is limited to the constitutionality of Petitioner's continued confinement pursuant to those orders.

It has long been recognized that courts possess the inherent authority to hold persons in contempt.  See United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed.259 (1812); Shillitani v. United States, 384 U.S.d 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

> The paradigmatic coercive, civil contempt sanction ... involves confining a contemnor indefinitely until he complies with an affirmative command such as an order "to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance."
> ... In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus "carries the keys of his prison in his own pocket."

International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827-28 (1994) (citations omitted). See generally United States v. Harris, 582 F.3d 512 (3d Cir. 2009), petition for certiorari filed (Jan. 25, 2010).

A contemnor may purge himself of a contempt order, and obtain release from jail at any time, by complying with the contempt order or by adducing evidence of his present inability to comply with the contempt order. See United States v. Rylander, 460 U.S. 752, 757 (1983). The Supreme Court in Rylander stated as follows:

> In a civil contempt proceeding ... a defendant may assert a present inability to comply with the order in question.... While the court is bound by the enforcement order, it will not be blind to evidence that compliance is factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production.

Id. at 757 (citations omitted).

A contemnor has both the burden of production with respect to his present ability to comply, Rylander, 460 U.S. 752, 757, as

11

well as the burden of persuasion, Maggio v. Zeitz, 333 U.S. 56, 75-76 (1948).

Thus, it is clear that the civil contempt order at issue here is the "paradigmatic" coercive type of civil contempt order. Yet Petitioner does not even contend, here, that he is not able to comply with the orders.  Under the circumstances, he is not entitled to any relief in this Court.[5]

### III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.

        s/Freda L. Wolfson
        Freda L. Wolfson
        United States District Judge

Dated: February 23, 2010

---

[5] Because Petitioner does not even allege that he is not able to comply with the contempt order, and because an identical petition is already pending in the trial court, this Court need not consider whether it would be appropriate to transfer this matter to the District Court for the District of Columbia, as the more appropriate venue.

12